UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTOPHER BEY,

        Plaintiff,                       Case No. 1:13-cv-798

v.                                           Honorable Robert Holmes Bell

THOMAS FINCO et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Macauley, Randle, Walters and Nevins. Additionally, the Court will dismiss the Eighth Amendment claim against Defendants Finco and Mote. The First Amendment retaliation claim against Defendants Finco and Mote will survive the Court's initial screening. Consequently, the Court will serve the complaint against Defendants Finco and Mote.

**Discussion**

      I.        Factual allegations

Plaintiff Christopher Bey is a state prisoner presently incarcerated at the Bellamy Creek Correctional Facility (IBC). Defendants are Michigan Department of Corrections (MDOC) Deputy Director of Correctional Facilities Administration Thomas Finco and the following IBC personnel: Deputy Warden Macauley, Resident Unit Manager Mote, Lieutenant Randle, Assistant Resident Unit Supervisors Walters and Nevins.

Although not set forth with specificity, Plaintiff appears to be complaining about events that followed his February 12, 2013 sexual harassment grievance against Defendant Walters. On March 4, 2013, Plaintiff was found to have written a false grievance and, with the approval of Defendant Finco, was issued a Class II misconduct ticket. (Compl., Exh. A, Page ID#13.) The misconduct report was signed by Defendant Mote. (*Id*.) After a hearing before Defendant Randle, Plaintiff was sanctioned 25 days loss of privileges. (*Id.* at Page ID#17.) Plaintiff appealed the ticket, and on March 25, 2013, his appeal was "disapproved" by Defendant Macauley. (*Id.* at Page ID#19.)

Meanwhile, on March 7, 2013, after receiving the Class II misconduct ticket, Plaintiff filed a grievance charging Defendants Finco and Mote with retaliation claiming that they issued the ticket to punish Plaintiff for filing the sexual harassment grievance against Defendant Walters and to deter Plaintiff from filing future grievances. (*Id.* at Page ID#10)

Separate and apart from the events surrounding Plaintiff's grievance and misconduct ticket, Plaintiff alleges that Defendants Nevins, Mote, Walters and Macauley "retaliated against him by forcing him out of protective custody housing unit 2 and housing him in general population

2

housing unit 5" after he wrote a letter to Defendant Walters "about her attitude and housing unit 2 conditions." (Compl., Docket #1, Page ID#5.) Plaintiff alleges that these Defendants "deliberately placed him at risk of serious harm by housing him in unit 5 around known STG [Security Threat Group] violent prisoners." (*Id*.) Additionally, Plaintiff alleges that these Defendants knew that "by forcing him out of protective custody housing unit 2 and into a STG hostile environment that he would probably be harmed soon by the unknown and known threat." (*Id.*) Finally, Plaintiff alleges that "he was physically attacked by several violent prisoners" on July 5, 2013, and suffered injury. (Compl., Page ID#6.)[1] He contends that "the threat still exists as of today." (*Id.*)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

---

[1] Among the Exhibits attached to Plaintiff's complaint is a misconduct report dated July 5, 2013, in which an IBC staff member described the events that he personally witnessed on that date. According to the misconduct report, Plaintiff and another prisoner were "swinging at each other with closed fists striking each other about the head and body with the intent to injure each other." (Compl., Exh. A, Docket #1, Page ID#18.)

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Claim for Relief

#### 1. Retaliation

In his first claim for relief, Plaintiff sues Defendants Finco and Mote alleging retaliation under the First Amendment. Plaintiff alleges that Defendant Mote issued a Class II misconduct ticket in retaliation for Plaintiff writing a grievance against Defendant Walters. The Class II misconduct ticket was approved by Defendant Finco, and as a result of the ticket, Plaintiff was sanctioned 25 days loss of privileges.

Upon initial review, the Court concludes that Plaintiff has adequately alleged a retaliation claim under the First Amendment against Defendants Finco and Mote.

2.   Eighth Amendment

Plaintiff cannot state a claim under the Eighth Amendment against Defendants Finco and Mote.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Defendants' allegedly retaliatory conduct – the issuance of the misconduct ticket and

25 days loss of privileges – does not rise to the level of "cruel and unusual punishment" cognizable under the Eighth Amendment. Accordingly, Plaintiff's Eighth Amendment claim against Defendants Finco and Mote will be dismissed.

### B. Second Claim for Relief

Plaintiff alleges that Defendant Randle violated his First Amendment "right to be heard and present a defense . . . when he refused to review the flaws in the [misconduct] ticket, and that "this refusal denied [Plaintiff] of his due process rights." (Compl., Docket #1, Page ID##4-5.) Plaintiff additionally alleges that Defendant Randle violated his Eighth Amendment right "to be free from punishment without due process . . . when [Plaintiff] was found guilty of a ticket based on the reporter's report alone and not based on any . . . evidence." (Compl., Docket #1, Page ID#5.)

A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Under MDOC Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. (*See* MDOC Policy Directive 03.03.105, ¶ AAAA). The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green*

*v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999).

Plaintiff was issued a Class II misconduct ticket and sanctioned 25 days loss of privileges. Consequently, he has no protected liberty interest in the disciplinary proceedings that resulted in the ticket and sanction. Plaintiff, therefore, fails to state a due process claim.

Moreover, Plaintiff's allegations about the adequacy of the disciplinary proceedings fail to state either a First Amendment or Eighth Amendment deprivation. A prisoner's right to testify or present a defense at a prison misconduct proceeding is governed by the Due Process Clause not the First Amendment. Additionally, as previously discussed, the harms plaintiff alleges do not rise to the level of an Eighth Amendment violation. Accordingly, Plaintiff's second claim for relief will be dismissed.

### C. Third Claim for Relief

Plaintiff alleges that Defendants Nevins, Mote, Walters and Macauley retaliated against him when they moved him from protective custody into general population because he wrote a letter to Defendant Walters about "her attitude and housing unit 2 conditions." (Compl., Page ID#5.) Plaintiff additionally alleges that these Defendants deliberately placed him at risk of serious harm by moving him out of protective housing and into a "STG hostile environment," that they knew he would probably be harmed and that he was attacked by "several violent prisoners" and suffered injuries. (Compl., Page ID##5-6.)

#### 1. Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must

7

make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Thus, a claim fails where a plaintiff does "not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights." *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96-5898, 1998 WL 321008, at *4 (6th Cir. 1998). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.'"); *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.").

Although Plaintiff names Defendants Nevins, Mote, Walters and Macauley and

alleges that they retaliated against him by moving him out of protective custody housing and into general population housing, he fails to even suggest what each Defendant actually did that resulted in his move from one housing unit to the other. He fails to allege any facts to explain how each of these Defendants was personally involved in the alleged constitutional violations, or to make any substantive allegations from which each Defendant's personal involvement could be inferred. Plaintiff's third claim for relief must be dismissed because he fails to allege "facts that demonstrate what each defendant did to violate the asserted constitutional right." *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *Corsetti v. Hackel*, 10-12823, 2013 WL 2372284 (E.D. Mich. May 28, 2013).

### 2.   Defendant Macauley

Defendant Macauley is the IBC Deputy Warden. To the extent Plaintiff intends to allege that Defendant Macauley is liable for the actions of his subordinates, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that

9

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Macauley engaged in any active unconstitutional behavior and he cannot state a claim against Defendant Macauley based on his alleged failure to supervise his subordinates. Accordingly, Plaintiff fails to state a claim against Macauley.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Macauley, Randle, Walters and Nevins will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Finco and Mote.

An Order consistent with this Opinion will be entered.


Dated: September 10, 2013  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE