UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHRISTOPHER BEY,              )
                              )
        Plaintiff,             )   Case No. 1:13-cv-798
                              )
v.                            )   Honorable Robert Holmes Bell
                              )
THOMAS FINCO, et al.,         )
                              )   **MEMORANDUM OPINION**
        Defendants.            )
_____)

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On initial screening of the complaint, District Judge Robert Holmes Bell found that the complaint stated a claim only against Finco and Mote under First Amendment retaliation principles. The court dismissed all claims asserted against the remaining defendants. (Opinion, docket # 9, & Order of Partial Service, docket # 10). Plaintiff thereafter filed an amended complaint, which sought to restate his claim against defendants Macauley, Walters and Nevins, alleging that they also retaliated against him and that they failed to protect him from physical assault, in violation of his Eighth Amendment rights. The court granted leave to amend and reinstated the claims against Macauley, Walters and Nevins.

Defendants Finco, Mote, Macauley, Walters and Nevins thereafter moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), raising only the defense of qualified immunity. (Motion & Brief, docket #s 22, 23). Plaintiff has also filed a dispositive motion, seeking a partial

summary judgment in his favor. (Motion & Brief, docket #s 42, 43). These dispositive motions remain pending before the court.

The parties have also filed certain nondispositive motions, which this memorandum opinion will now address.

Defendants' Motion to Stay Discovery (docket # 34). Defendants move to stay discovery pending resolution of their motion to dismiss. The pending motion to dismiss asserts only the defense of qualified immunity. The Supreme Court has squarely held that until the threshold question of qualified immunity is resolved by the court, discovery should be stayed, because qualified immunity is an immunity from suit, not just from liability. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *accord Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under these authorities, the court is required to suspend discovery until resolution of the qualified immunity issue. Defendants' motion will therefore be granted.

Plaintiff's Motion for an Extension of Time (docket # 39). On January 22, 2014, plaintiff moved for a 60-day extension of time in which to answer defendants' motion to dismiss. Seven days thereafter, plaintiff filed his response to the motion. (docket # 44). Plaintiff's motion for extension of time is therefore moot.

Plaintiff's Motion for Attorney's Fees, Costs and Mental Anguish Damages (docket # 40). Plaintiff seeks an award of attorney's fees and costs and an award of mental anguish damages, asserting that he has proven his case against defendants. The award of such relief is not appropriate at this stage of the litigation. An award of damages for emotional distress and mental anguish is the

prerogative of the trier of fact. *See Lore v. City of Syracuse*, 670 F.3d 127, 176-78 (2d Cir. 2012). Such damages, if they are to be awarded, must await a trial. Plaintiff's request for attorney's fees is baseless. As a *pro se* litigant, he is not entitled to an award of fees, even if he prevails. *See Kay v. Ehler*, 499 U.S. 432 (1991). And plaintiff has cited no authority supporting an award of costs at this stage of the case. Plaintiff's motion essentially seeks a premature adjudication of his entitlement to relief and must be denied.

<u>Plaintiff's Motion Requesting a Jury Trial (docket # 45)</u>. Plaintiff has filed a motion requesting a jury trial. It is unclear whether the purpose of plaintiff's motion is to preserve his right to a trial by jury or to procure a finding from the court that there are genuine issues of material fact that require a jury trial. To the extent that plaintiff seeks to preserve his right to a trial by jury (if a trial is necessary), the motion will be granted. As no defendant has answered, the time in which plaintiff may demand a jury trial as of right has not yet elapsed under Fed. R. Civ. P. 38(b). Granting plaintiff's motion does not guarantee, however, that the court will find the existence of material facts must be submitted for a jury's determination. Resolution of that question will come when the court decides summary judgment motions.

<u>Plaintiff's Motion to Compel Discovery (docket # 49)</u>. Plaintiff has moved for an order compelling defendants to produce requested documents and to answer interrogatories. Until defendants' motion to dismiss is decided, plaintiff's discovery requests are out of order, as Supreme Court authority requires a stay of discovery pending resolution of the qualified immunity defense. Plaintiff's motion to compel discovery must therefore be denied.

An order will enter consistent with this memorandum opinion

Dated: April 7, 2014               /s/  Joseph G. Scoville
                                   United States Magistrate Judge